FILED
2016 Jun-20  PM 05:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| MARK DUKE, et al., | * | |
| | * | |
| Plaintiffs, | * | Civil Action No: 4:14-cv-01952-VEH |
| | * | **Opposed** |
| vs. | * | |
| | * | |
| JEFFERSON DUNN, Commissioner, | * | |
| Alabama Department of | * | |
| Corrections, et al., | * | |
| | * | |
| Defendants. | * | |

---

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

---

COME NOW Plaintiffs, through undersigned counsel, pursuant to Rule 26; Rule 34; and Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, and move the Court for entry of an Order directing Defendants' counsel to provide requested discovery. The grounds for Plaintiffs' Motion are set forth in the accompanying memorandum.

Respectfully submitted,

/s/ Charlotte Morrison
Bryan A. Stevenson (ASB-3184-N75B)
Charlotte R. Morrison (ASB-5897-T80M)
Jennae R. Swiergula (ASB-8265-A35S)
Carla C. Crowder (ASB-8573-L74C)
Ryan C. Becker (ASB-7228-R48B)
Equal Justice Initiative
122 Commerce Street
Montgomery, AL 36104
PH: (334) 269-1803
FX: (334) 269-1806
email: bstevenson@eji.org
        cmorrison@eji.org
        jswiergula@eji.org
        ccrowder@eji.org
        rbecker@eji.org

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| | * | |
| MARK DUKE, et al., | * | |
| | * | |
| Plaintiffs, | * | Civil Action No: 4:14-cv-01952-VEH |
| | * | |
| vs. | * | |
| | * | |
| JEFFERSON DUNN, Commissioner, | * | |
| Alabama Department of | * | |
| Corrections, et al., | * | |
| | * | |
| Defendants. | * | |

_____

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

_____

# TABLE OF CONTENTS

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

     I.       PLAINTIFFS ARE ENTITLED TO DISCOVERY CONCERNING BROKEN, TRICKED, AND NON-FUNCTIONING CELL DOOR LOCKS. .. . . . . . . . . . . . . . . 5

     II.     PLAINTIFFS ARE ENTITLED TO DISCOVERY OF CLASSIFICATION RECORDS OF INMATES INVOLVED IN IDENTIFIED INCIDENTS. .. . . . . . . . . . . . 7

     III.    PLAINTIFFS ARE ENTITLED TO DOCUMENTS RELATED TO ALL INCIDENTS OF INMATE-ON-INMATE VIOLENCE AND OFFICER USE OF FORCE SINCE OCTOBER 2012.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     IV.    PLAINTIFFS ARE ENTITLED TO DOCUMENTATION REGARDING ASSAULTS ON OFFICERS. . . . . . . . . . . . . 13

     V.     DEFENDANTS HAVE PROVIDED INCOMPLETE DISCOVERY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## INTRODUCTION

On October 14, 2014, Plaintiffs filed their class action complaint against Defendants alleging that the conditions of confinement at St. Clair Correctional Facility violate the Eighth and Fourteenth Amendments due to mismanagement, poor leadership, overcrowding, understaffing, inadequate security, and unsafe conditions, including broken and nonfunctioning locks on the majority of cell doors. These conditions have led to an extraordinarily high homicide rate, weekly stabbings, sexual violence, assaults, and a culture where violence is tolerated.

Pursuant to Rule 26 and this Court's order, Plaintiffs asked Defendants to produce documents relating to: broken or tricked cell-door locks at St. Clair; incidents of inmate-on-inmate homicides, stabbings, sexual assaults and incidents of violence Defendants recorded at St. Clair; and classification of information about the inmates involved in these incidents. Defendants have unreasonably delayed or refused to produce the bulk of this discovery.

Pursuant to Fed. R. Civ. P. 26 and 37, Plaintiffs' counsel certify that they conferred with Defendants in an effort to resolve this dispute without court intervention. Plaintiffs have written numerous letters reminding Defendants' of their obligations and detailing the missing discovery. See Ex. 1, Plaintiffs' First Discovery Letter (Oct. 16, 2015); Ex. 2, Plaintiffs' Second Discovery Letter (Dec. 2, 2015); Ex.

1

3, Plaintiffs' Third Discovery Letter (Jan. 8, 2016); Ex. 4, Plaintiffs' Fourth Discovery Letter (Feb. 1, 2016); Ex. 5, Plaintiffs' Fifth Discovery Letter (Feb. 3, 2016); Ex. 6, Plaintiffs' Sixth Discovery Letter (March 17, 2016); Ex. 7, Plaintiffs' Seventh Discovery Letter (Apr. 8, 2016); and Ex. 8, Plaintiffs' Eighth Discovery Letter (May 17, 2016).

On June 15, 2016, undersigned counsel met in person with counsel for Defendants to see if the parties could resolve outstanding discovery disputes, in particular: (1) Defendants' refusal to produce documents responsive to Plaintiffs' request for documents concerning problems with the cell door locks at St. Clair; (2) Defendants' refusal to provide classification files for named inmates; (3) Defendants' refusal to provide any documents with regard to incidents of inmate on inmate violence outside of incidents identified in the Complaint; (4) Defendants' refusal to provide documentation of inmate assaults on officers; and (5) Defendants' refusal to disclose the parameters of the search for documents to which Defendants agreed Plaintiffs' are entitled.  At that meeting, counsel for Defendants represented that (1) Defendants would stand by their refusal to produce documents relating to security problems with the locking mechanisms at St. Clair and would only provide access to

plans to replace the locks and maintenance request slips;[1] (2) Defendants would not provide the classification files for incidents named in the Second Amended Complaint and instead would provide only a single selected document from the classification files; (3) Defendants would not provide incident or duty reports for incidents of violence not identified in the Complaint and would only provide a mere listing of the names and dates of violent incidents post-dating the filing of the initial complaint; (4) Defendants would not provide discovery relating to inmate on officer assaults and would only provide a list of names and dates of such incidents; and (5) Defendants would stand by their refusal to disclose the parameters of their search for missing documents or to conduct further review for the missing documents.

Defendants' position on these discovery matters and the delay created by Defendants is unreasonable. Defendants should possess all requested discovery and producing it would not be unduly burdensome. The discovery is also both relevant and necessary. See Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ."); Cox v. Administrator U.S. Steel & Carnegie, F. 3d 1386, 1420 (11th. Cir. 1994) ("relevance is broadly defined in the context of discovery"). In particular, Plaintiffs

---

[1]Defendants provided maintenance logs for a one-year period of time and on June 15, 2016, Defendants stated that they have additional maintenance request slips that they will provide post-dating the filing of the Complaint.

request that the Court issue an order compelling Defendants to produce the following

requested discovery:

- All documents relating to problems with cell door locks, including staff and inmate reports regarding broken, tricked, and non-functioning cell door locks, audits related to locks, budget requests related to replacing locks, and emails and other communications related to broken and non-functioning cell door locks since October 2004. Ex. 9, Plaintiffs' Second Request for Production ¶ 10;

- The institutional classification records of inmates involved in incidents of violence documented by Defendants. Ex. 10, Plaintiffs' Third Request for Production ¶ 3;

- Incident reports, duty officer reports, statements, I&I Investigative documents, body charts, and other documents and communications related to incidents of violence documented by Defendants at St. Clair since 2012, including homicides and serious assaults, sexual assaults, and officer use of force. Ex. 9, Plaintiffs' Second Request for Production ¶ 4, 7, 16; Ex. 10, Plaintiffs' Third Request for Production ¶ 1, 2, 3; Ex. 2, Plaintiffs' Second Discovery Letter at *3-15 (Dec. 2, 2015); Ex. 8, Plaintiffs' Eighth Discovery Letter at *2-13 (May 17, 2016);

- Incident reports, duty officer reports, statements, I&I Investigative documents, body charts, and other documents and communications related to incidents of assaults on officers since October 2012. Ex. 10, Plaintiffs' Third Request for Production ¶ 5.

- Complete discovery of the incidents of violence identified in the Complaint.

## ARGUMENT

## I.   PLAINTIFFS ARE ENTITLED TO DISCOVERY CONCERNING BROKEN, TRICKED, AND NON-FUNCTIONING CELL DOOR LOCKS.

On July 22, 2015, Defendants requested all documents and communications related to the broken and non-functioning locking mechanisms of cell doors. Ex. 9, Plaintiffs' Second Request for Production ¶ 10. This discovery is related to Plaintiffs' claim that Defendants are deliberately indifferent to the known risk of harm posed by nonfunctioning locking mechanisms. Nonfunctioning, tricked, and broken locks are the cause of multiple homicides and sexual assaults and dozens of serious stabbings. Defendants' continued failure to repair or document broken or faulty locking mechanisms, continued use of cells with broken locks, and failure to implement security measures that would compensate for or respond to the increased risk posed by these problems, contributes to the unsafe conditions at the facility. See Martin Horn Report, Plaintiffs' Motion for Class Certification, Doc. 90, Ex.4 at 7-8; Steve Martin Report, Plaintiffs' Motion for Class Certification, Doc. 90, Ex. 3 at 10.

Defendants have failed to produce documents concerning problems with cell door locks, including but not limited to: communications between ADOC personnel concerning problems with the locks at St. Clair; inmate maintenance request slips to repair broken locks; security inspections required by Standard Operating Procedure

5

170, Ex. 11, ADOC_00009685; ██████████████████████████

████████████████████ Ex. 12, ADOC_00010023; and documents

maintained by separate divisions of Department of Corrections including the

Engineering Division and Operations Department.

On April 15, 2016, Defendants stated that they would provide Plaintiffs with

the plan to install the new locks but would not provide documents recording problems

with the current locks. See Ex. 13, Defendants' Discovery Letter (Apr. 15, 2016).

Plaintiffs explained to Defendants that it is not feasible to evaluate the proposal to fix

the problems identified in the Complaint without the requested discovery concerning

the problems with the existing locks.  Locks that are not broken but instead have been

jammed or "tricked" can become operable if the obstruction is cleared from the lock,

and Defendants have conceded that even the newest locks can be broken given time

and opportunity.  Defendants' policies and practices with regard to staffing, line of

sight, patrol, inspection and maintenance are the cause of these security problems.

Defendants' architectural plan to replace the locks is not responsive to these issues.

Without proper maintenance, management, oversight, and inspections, staffing and

observation, new locks are similarly susceptible to being broken and/or tricked.

Plaintiffs are entitled to discovery relevant to showing that any lock can be defeated

given the lack of management at St. Clair.  Plaintiffs need to know how the current

locks were broken/or tricked in order to assess whether new locks are similarly susceptible to these problems.

Plaintiffs have documented numerous serious assaults and homicides at St. Clair in which broken or non-functioning cell door locks contributed to the inability of inmates to be safe from harm, including the homicides of Jodey Waldrop, Jammy Bell, and John Rutledge. See Second Amended Compl. ¶¶ 36, 43; Plaintiffs' Motion for Class Certification, Doc. 90, at 9 . This information is integral to Plaintiffs' claims and is not unduly burdensome on Defendants. Plaintiffs respectfully request that this Court order Defendants to provide all documents related to broken locks for the ten years prior to the filing of the Complaint to Plaintiffs for their review.

## II.   PLAINTIFFS ARE ENTITLED TO DISCOVERY OF CLASSIFICATION RECORDS OF INMATES INVOLVED IN IDENTIFIED INCIDENTS.

Plaintiffs seek all institutional classification records of prisoners involved in documented incidents of violence to determine the extent to which classification deficiencies have led to the unconstitutional conditions of confinement at St. Clair. Ex. 10, Plaintiffs' Third Request for Production ¶ 3. These classification records are highly relevant as an integral claim in Plaintiffs' case is the lack of an internal classification system at St. Clair. See Plaintiffs' Motion for Class Certification, Doc. 90, at Issue VIII. Defendants have admitted, "[c]lassification is not used to make

7

housing decisions" at St. Clair. See Estes Interrogatory Answers, Plaintiffs' Motion for Class Certification, Doc. 90, Ex.93, at 8; see also Evans Interrogatory Answers, Plaintiffs' Motion for Class Certification, Doc. 90, Ex 92 at 8 ("Housing is separate from classification"); Austin Report, Plaintiffs' Motion for Class Certification, Doc. 90, Ex. 1 at 3 ("ADOC does not have an internal classification system at its facilities"); Ex. 14, Estes Dep. 183-84, 187; Ex. 15, Malone Dep. 192-93; Ex. 16, Carter Dep. 201-02, 255-58; Ex. 17, Evans Dep. 185-88, 323. Instead of relying on inmate classification, housing and bed assignments at St. Clair are based primarily, if not exclusively, on open bed space. See Ex. 14, Estes Dep. 183-84, 187; Ex. 15, Malone Dep. 192-93; Ex. 16, Carter Dep. 201-02, 255-58; Ex. 17, Evans Dep. 185-88, 323; see also ████████████████████████████████████

████████ As a result, prisoners with disparate backgrounds and classification histories are regularly housed together at St. Clair, producing serious violence. See Austin Report, Plaintiffs' Motion for Class Certification, Doc. 90, Ex. 1 at 3-4 ("[T]he absence of a well-structured internal classification system is a direct contributor to the large number of assaults, fights, intimidations, and the flow of contraband.")[2]

---

[2]The limited discovery provided by Defendants, and Plaintiffs' own investigations, have revealed that multiple violent incidents have occurred involving prisoners with disparate backgrounds and classification histories who were housed together, including sexual assaults and near fatal assaults on men with known risk factors shortly after their arrival at St. Clair by men with known histories of violence.

Defendants refuse to provide the requested classification files on the ground that the request is overly burdensome. The request for institutional classification records is not unduly burdensome. Plaintiffs had initially requested all documents and communications relating to incidents of prisoner-on-prisoner violence, see Ex. 9, Second Request for Production ¶7, but limited the request regarding classification summaries specifically to the incidents identified in Ex. 10, Third Request for Production ¶3. Defendants' offer to turn over a single classification summary for each inmate is also unreasonable. Plaintiffs' claim is that Defendants are deliberately indifferent to a known risk of violence and that information about this risk was documented or should have been documented in classification records putting DOC on notice about the risk. It is unreasonable for Defendants to suggest that their discovery obligations be limited to selecting a single classification summary sheet for Plaintiffs' review. Many inmates at St. Clair are serving life or life without parole

---

See Plaintiffs' Motion for Class Certification, Doc. 90, at Issue VIII. For example, Michael McGregor, a 50 year old man who is incarcerated for a non-violent offense, was nearly fatally stabbed just days after arriving at St. Clair by a prisoner with a history of violent attacks on other prisoners. Plaintiffs' Complaint, Doc. 53, at ¶ 36(f); ███████████████ Declaration, McGregor Dep. 80-82, McGregor Medical Records, Plaintiffs' Motion for Class Certification, Doc. 90, Ex.14, Ex. 54, Ex. 73. The assailant had threatened Mr. McGregor before the assault and Mr. McGregor reported it to his classification officer, but the classification officer sent him back to his assigned housing area. McGregor Dep. 103-16, Plaintiffs' Motion for Class Certification, Doc. 90, Ex.54.

sentences and have been incarcerated for more than a decade. Classification summaries are neither comprehensive nor historical and provide insufficient information. ███████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ It is not possible for Plaintiffs to prove that DOC was deliberately indifferent to data contained in classification records about known risk to inmates without the ability to examine relevant records included in the classification file of each inmate.

In addition, █████████████████████ and other Standard Operating Procedures detail the documents and data that are kept as part of the inmate file, including the ████████████████████████; ████████████████████████████████████ ███████████████; ███████████████████████████████████████ ████████████████████████████████████████; ███████████████ ████████████████████████████████████████████████████ █████████████████████████; ████████████████████████████ █████████████████████████████████████████████████████ ████████████████████████████████████████; ████████████ █████████████████████████████████████████████████████ ████████████████████████████████; PREA risk assessments; mental health

10

referral forms; and Prison Rape Elimination Act Post-Allegation Protective Custody Forms. These documents should all be accessible within the file for each inmate and would not be unduly burdensome to access.

### III.   PLAINTIFFS ARE ENTITLED TO DOCUMENTS RELATED TO ALL INCIDENTS OF INMATE-ON-INMATE VIOLENCE AND OFFICER USE OF FORCE SINCE OCTOBER 2012.

Plaintiffs requested documentation related to all incidents of violence since 2012, including incidents not identified in the Complaint. See Ex. 9, Plaintiffs' Second Request for Production ¶4, 7, 16; Ex. 10, Plaintiffs' Third Request for Production ¶ 1, 2, 3. This discovery is relevant to Plaintiffs' claim that Defendants' policies and practices with respect to staffing, crowding, housing, and security have put all men housed at St. Clair at imminent risk of violence and serious bodily harm to which Defendants are deliberately indifferent.

Defendants refused to provide this discovery on the ground of burdensomeness. Defendants' refusal is unreasonable. █████████████████████████ ████████████████████████████████████████████████████████████████████ See Ex. 18, ████████████████████████████████████ADOC_0009915-40; Ex. 19, ██████████████████████████████████████ADOC_0009502-15. ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████

From May 2014 until May 2015, 125 assaults were documented by ADOC at St. Clair. See Ex. 20, Monthly Statistical Reports, 5/14-4/15. Defendants have provided discovery on only 27 of these assaults. Defendants' refusal to provide discovery with regard to incidents of violence not identified in the Complaint is unreasonable. Plaintiffs' Complaint alleges at least 46 incidents of violence amongst prisoners and at least 37 incidents of use of force over the course of multiple years. Plaintiffs' Complaint, Doc. 53, at ¶ 24, 36. Plaintiffs conducted extensive investigation to be able to accurately identify these incidents. However, there are over 1200 prisoners at St. Clair and Plaintiffs could not investigate all potential incidents of violence that occurred at St. Clair. Incident reports and other documentation are relevant and necessary to establish that Defendants knew or should have known that defects in security, housing, staffing, and classification policies and practices contributed to known patterns of serious assaults. For example, incident reports and other documentation regarding incidents of violence are necessary to prove patterns of (1) assaults occurring in known blind spots; (2) assaults occurring inside cells accessed via broken or tampered locks; (3) assaults occurring where men designated as known enemies were housed together; (4) assaults occurring where men were able to move about freely to unauthorized areas; and (5) assaults occurring after men

12

reported threats and were denied a housing change request.[3]

In an effort to facilitate discovery, Plaintiffs proposed that Defendants provide the duty officer reports relating to incidents not identified in the Second Amended Complaint. This would allow the parties to identify which incidents are relevant to the policies and practices identified in the Complaint. Defendants refused based on burdensomeness. Defendants' refusal is unreasonable. These documents are accessible on St. Clair's incident module database and would not be unduly burdensome to access.

## IV.   PLAINTIFFS ARE ENTITLED TO DOCUMENTATION REGARDING ASSAULTS ON OFFICERS.

Plaintiffs requested all incidents of assaults on officers since October 2012, including, but not limited to, specific incidents that Plaintiffs identified in the Third Request for Production. See Ex. 10, Plaintiffs' Third Request for Production ¶ 5. Information surrounding assaults on officers is relevant to both the presence of contraband in the facility and the environment of fear at the facility. Multiple stabbings of officers have occurred, all of which are relevant to Plaintiffs' claims

---

[3]On June 15, 2016, Defendants proposed providing Plaintiffs with an incident log listing the name of the victim and assailant, location, and date of incident. This list of incidents is insufficient for Plaintiffs to analyze the causes of violence. Incident reports, duty officer reports, and investigation reports are necessary to provide the context needed to determine if the violence arose from problems with cell doors, unauthorized movements, contraband, or other potential roots of violence.

surrounding the prevalence of knives in the facility. See e.g., Ex. 21, *St. Clair Correctional Facility officer stabbed; prison placed on lockdown*, WBRC.com (March 7, 2016); See Complaint, Doc. 53, at ¶¶ 38, 65-67. In addition, assaults on officers are relevant to understaffing and other staffing concerns raised by Plaintiffs. See Plaintiffs' Motion for Class Certification, Doc. 90, Issue II. Assaults on officers demonstrate the pervasiveness of security gaps at St. Clair and the culture of fear that exists throughout the prison.

███████████████████████████████████████████████████████████████████████████████. ADOC's Monthly Statistical reports include data on assaults against officers, including 51 assaults from May 2014 through April 2015. See Ex. 20, ADOC Monthly Statistical Reports, 5/14-4/15. As Defendants are already required to document these incidents and report them publicly, turning over this discovery should not be unduly burdensome. As represented by Defendants' counsel, they would have to pull up each assault on their module and print it out. Plaintiffs do not find this procedure to be unduly burdensome.

## V.   DEFENDANTS HAVE PROVIDED INCOMPLETE DISCOVERY.

Plaintiffs requested documents relevant to specific incidents of violence identified in the Complaint. See Ex. 9, Plaintiffs' Second Request for Production ¶

14

4, 7, 9, 11, 12, 13, 14, 16; Ex. 10, Plaintiffs' Third Request for Production ¶ 1, 2, 3.

Plaintiffs notified Defendants that the discovery produced in response to this request

is incomplete and that Defendants still had not provided any discovery on 21

incidents identified in the Complaint.[4] See Ex. 1, Plaintiffs' First Discovery Letter at

*3 (Oct. 16, 2015); Ex. 2, Plaintiffs' Second Discovery Letter (Dec. 2, 2015); Ex. 4,

Plaintiffs' Fourth Discovery Letter (Feb. 1, 2016); Ex. 7, Plaintiffs' Seventh

Discovery Letter (Apr. 8, 2016); Ex. 8, Plaintiffs' Eighth Discovery Letter (May 17,

2016).

In the meeting on June 15, 2016, Defendants responded that an ADOC

employee conducted a search of a single module for documents and did not find any

on these 21 incidents or any of the other missing documents Plaintiffs identified.

Plaintiffs notified Defendants that this truncated search is insufficient and requested

that Defendants give detailed information about the parameters of the limited search

their staff person conducted. Defendants refused.

██████████████████████████████████████████

---

[4]Defendants have failed to identify the person(s) who searched for the missing documents, the databases and places that were searched, the methods of searching, and any communication which indicates whether the document was ever prepared or reviewed. Defendants only acknowledged that "certain individuals have conducted reasonable searches of the Department's files." See Ex. 22, Alleged Specific Incidents (April 29, 2015). If documents are missing, Plaintiffs are entitled to information regarding the steps taken to preserve and locate documentation.

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████. The missing documentation is explained in detail in Plaintiffs' Second Discovery Letter and was again detailed in Plaintiffs' Eighth Discovery Letter. Ex. 2, Plaintiffs' Second Discovery Letter (Dec. 2, 2015); Ex. 8, Plaintiffs' Eighth Discovery Letter (May 17, 2016).

Defendants' truncated search of a single module for these documents is insufficient. Plaintiffs ask the Court to compel Defendants to expand their search and provide more specific information about the limited search they conducted, including who conducted the search, what they searched, and the manner of search.

16

WHEREFORE, Plaintiffs respectfully request the Court enter an Order directing Defendants' counsel to provide Plaintiffs with the request discovery in accordance with Fed. R. Civ. P. 26 ; Rule 34; and Rule 37(a)(3)(B)(iv).

Dated:      6/20/2016                    Respectfully submitted,

                                         /s/ Charlotte Morrison
                                         Bryan A. Stevenson (ASB-3184-N75B)
                                         Charlotte R. Morrison (ASB-5897-T80M)
                                         Jennae R. Swiergula (ASB-8265-A35S)
                                         Carla C. Crowder (ASB-8573-L74C)
                                         Ryan C. Becker (ASB-7228-R48B)
                                         Equal Justice Initiative
                                         122 Commerce Street
                                         Montgomery, AL 36104
                                         PH: (334) 269-1803
                                         FX: (334) 269-1806
                                         email: bstevenson@eji.org
                                                 cmorrison@eji.org
                                                 jswiergula@eji.org
                                                 ccrowder@eji.org
                                                 rbecker@eji.org


                                         *Counsel for Plaintiffs*

**<u>Certificate of Service</u>**

I hereby certify that on the 20th of June, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Albert S. Butler
> Alabama Department of Corrections
> Legal Division
> 301 Ripley Street
> P.O. Box 301501
> Montgomery, AL 36130
>
> Michael A. Fant
> Waller Lansden Dortch & Davis LLP
> AmSouth Habert Plaza
> 1901 Sixth Avenue North, Suite 1400
> Birmingham, AL 35203
> michael.fant@waller.com

/s/ Charlotte R. Morrison
Charlotte R. Morrison
