# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MARK DUKE, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 4:14-cv-01952-RDP |
| | ) |
| **JEFFERSON S. DUNN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

This matter is before the court on Defendants' Partial Motion to Dismiss the Third Amended and Supplemental Complaint. (Doc. # 247). The matter has been fully briefed (Docs. # 248, 255, 258, 259, 260) and is ripe for review. The Motion (Doc. # 247) is due to be granted in part and denied in part.

Defendants make three arguments. First, they argue that certain prisoners -- those who resided at St. Clair when the Second Amended Complaint was filed on August 28, 2015, but not when the Third Amended and Supplemental Complaint was filed on November 8, 2021 -- are improper Named Plaintiffs. (*See* Doc. # 248 at 8-9). The court agrees. Plaintiffs' sole rebuttal is that the "inherently transitory" exception to mootness applies to these Named Plaintiffs. (*See* Doc. # 255 at 9-13). But, Plaintiffs misunderstand the application of this exception. It is meant to address the "significant problem [that] arises when the claim at issue is so inherently transitory that individual plaintiffs cannot even expect to maintain it long enough to obtain a decision on, or even file a motion for, class certification." 1 Rubenstein, *Newberg on Class Actions* § 2:13 (5th ed., 2021 update). Of course, it is "true with all class actions [that] the named plaintiff must have standing when she filed the class complaint." *Id.* In other words, the doctrine saves a plaintiff

whose claim becomes moot between the filing of the complaint and class certification. It does not, however, save a plaintiff whose claim is already moot when the operative complaint is filed. Accordingly, those Named Plaintiffs who were not residing at St. Clair when the Third Amended and Supplemental Complaint was filed are due to be terminated from this action.

Second, Defendants argue that because only Defendant Dunn has the authority to implement the relief Plaintiffs seek, all other Defendants should be dismissed. (*See* Doc. # 248 at 9-10). The court agrees. Plaintiffs contend that Defendants' argument is procedurally barred because Judge Hopkins (*see* Doc. # 20 at 8) may have rejected this argument in ruling on an earlier motion to dismiss. (*See* Doc. # 255 at 13-15). Although the proposition that a court cannot revisit an earlier ruling in this case is doubtful, in any event, Defendants counter that they are making a new argument. (Doc. # 258 at 3-4). New or not, this argument has merit. And to be candid, the court struggles to understand how considering it at this juncture would prejudice Plaintiffs. The question is whether these Defendants "have the authority through their positions . . . to implement the injunctive relief [Plaintiffs] seek[]." *Doe v. Wooten*, 747 F.3d 1317, 1321 n.2 (11th Cir. 2014). If Defendants lack that authority and Plaintiffs win this lawsuit, any injunction imposed against these Defendants would be meaningless. Moreover, merely "alleg[ing] the relevant job responsibilities for each of" them (Doc. # 255 at 16 (citing Doc. # 241 ¶¶ 3-12)) is an insufficient basis for keeping these Defendants in the suit.[1] Accordingly, all Defendants except Dunn are due to be dismissed without prejudice.

---

[1] Plaintiffs primarily rely on *Luckey v. Harris*, 860 F.2d 1012 (11th Cir. 1988) for the assertion that alleging job responsibilities is sufficient. (*See* Doc. # 255 at 15-16). There, the Eleventh Circuit explained that "[a]s the *Young* court held, it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of." *Luckey*, 860 F.2d at 1015-16 (alteration in original) (quoting *Ex parte Young*, 209 U.S. 123, 157) (1908)). But, Plaintiffs overread this language. That court was answering a different question—whether sovereign immunity protected these officials, not whether those officials had the authority to implement the relief sought. As explained in another case cited by Plaintiff, the Georgia Secretary of State was a proper defendant because he "ha[d] both the power and the duty" to carry out the sought injunctive relief. *Grizzle v.*

Third, Defendants argue that the *Braggs v. Dunn*, 2:14-cv-601-MHT, class action precludes this suit to the extent Plaintiffs seek relief regarding correctional and mental-health staffing at St. Clair. (*See* Doc. # 258 at 5-7). As Defendants acknowledge, the court considered and rejected a similar argument in *United States v. Alabama*, No. 2:20-CV-01971-RDP, 2021 WL 4711841, at *3 (N.D. Ala. Oct. 8, 2021). (Doc. # 248 at 11 n.3). The court sees no reason to depart from that analysis here. Like that case, this one "is being litigated outside the boundaries of the *Braggs* class action" because the "*Braggs* class action is specific to the effects of understaffing on mental-health care." *United States v. Alabama*, 2021 WL 4711841, at *3. And, as Plaintiffs note, "Defendants do not identify any portion of Paragraph 2.1 (or any other provision of the *Braggs* Remedial Order) that would conflict with any remedy the *Duke* plaintiffs seek to remedy the distinct constitutional violations at issue in the instant case." (Doc. # 259 at 2).

For these reasons, Defendants' Partial Motion to Dismiss (Doc. # 247) is due to be granted in part and denied in part. Named Plaintiffs Dale Gilley, Franky Johnson, John Miller, Allan Williams, and Robert Woods, along with Defendants Dennis Stamper, Steve Watson, Jenny Abbott, Edward Ellington, Guy Noe, Phillip Mitchell, Darrel Fox, Christopher Webster, and Gary Malone are due to be dismissed without prejudice from this action. In all other respects, Defendants' Motion is due to be denied.

**DONE** and **ORDERED** this January 14, 2022.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

*Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). Plaintiffs have failed to allege this power and duty for Defendants other than Dunn.

To be clear, the court is not saying that only a person at the top of the ladder is a proper defendant. What it is saying is that, here, Plaintiffs have not properly pleaded the persons at issue here are in the proper defendant category.