IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MARK DUKE,** *et al.*, | ) |
| **Plaintiffs,** | ) |
| v. | ) CASE NO. 4:14-cv-01952-RDP |
| **JOHN HAMM,** *et al.*, | ) UNOPPOSED[1] |
| **Defendants.** | ) |

### THE STATE'S MOTION TO COMPEL DEPOSITION
### TESTIMONY FROM NON-PARTY MELVIN RAY

Defendants John Hamm ("Commissioner Hamm"), Dr. Wendy Williams ("Dr. Williams"), Jenny Abbott ("Abbott"), LaGreta McClain ("McClain"), Phillip Mitchell ("Mitchell"), Darrel Fox ("Fox"), Omar Parker ("Parker") and Bradley Howard ("Howard" and, together with Commissioner Hamm, Dr. Williams, Abbott, McClain, Mitchell, Fox and Parker, the "State"), pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, hereby move the Court to compel the deposition testimony of non-party Melvin Ray ("Ray"). The State attempted to take Ray's deposition on October 27, 2023; however, Ray refused to provide testimony until he received legal representation. The State inquired into any efforts taken by Ray to obtain such representation, and despite receiving notice of his deposition almost six (6) months in advance, Ray made no such efforts. However, Ray received an offer of *pro bono* legal representation, which he refused, the day prior to his deposition. Ray's offer of *pro bono* legal representation remains consistent with the same offer of legal representation made to each non-party inmate deponent in this matter of which, thus far, five (5) non-party inmate deponents accepted. In an effort to resolve

---

[1] The State contacted Plaintiffs to inquire into any opposition to this motion. Plaintiffs responded and indicated they "take no position with respect" to this motion.

Ray's concerns, the State offered time off the record for Ray to consult with Plaintiffs' counsel, which Ray refused. When Ray indicated that he would not go forward with the deposition, the State forewarned him of the consequences for failing to comply with a subpoena to testify, and he terminated his deposition anyway. Thus, the State moves to compel the testimony of Ray and to recover all expenses incurred by Ray's refusal to provide deposition testimony.

## BACKGROUND

As part of the State's discovery efforts, this Court granted the State twenty (20) depositions limited to a maximum of seven (7) hours each. (Doc. No. 294 at 3). Ray is an inmate currently incarcerated at St. Clair Correctional Facility ("St. Clair"). The current action includes claims for injunctive relief due to alleged constitutional violations on behalf of a putative class of St. Clair inmates regarding conditions of confinement at St. Clair. On April 26, 2023, the State issued a Subpoena and Notice of Deposition of Ray for June 5, 2023 (the "Initial Subpoena"). Counsel for Plaintiffs Mark Duke, Benny Jones, Johnny Young, Nathaniel Harris and Robert Carlisle ("Plaintiffs") requested a meet and confer on the deposition schedule. The Parties held a meet and confer and, throughout May 2023, exchanged several communications to finalize an agreed-upon schedule. Based on the new schedule, on June 2, 2023, the State issued a Subpoena and Amended Notice of Deposition of Ray for June 29, 2023 (the "Amended Subpoena"). Upon the conclusion of the depositions of Plaintiffs, the State initiated depositions of non-party inmates.

On the eve of the first non-party deposition, Plaintiffs' counsel informed the State that attorneys from the law firm of Lightfoot, Franklin & White LLC ("Lightfoot") would represent the non-party deponent and requested a continuance. Attorneys from Lightfoot proceeded to represent all non-party inmates at their depositions. Additionally, attorneys from Lightfoot represented all non-party inmates during a meet and confer before the Special Master regarding a

discovery dispute on the invocation of the Fifth Amendment. Thus, attorneys from Lightfoot serve as default counsel for the putative class members. Due to the discovery dispute regarding the assertion of Fifth Amendment privileges, the State canceled all non-party inmate depositions pending resolution before the Special Master. Following a meet and confer with the Special Master, Plaintiffs' counsel and attorneys from Lightfoot, the Parties coordinated a new deposition schedule of all non-party inmates, including Ray. On October 13, 2023, the State issued a Subpoena and Second Amended Notice of Deposition of Ray for October 27, 2023 (the "Second Amended Subpoena").

On October 26, 2023, attorneys from Lightfoot notified the State they would represent Ray for his deposition. However, later that same day, attorneys from Lightfoot indicated "Ray has chosen not to have [Lightfoot] represent him, so we will not be present at tomorrow's deposition." (October 26, 2023 E-mail from George Brewster to Lynette Potter, attached hereto as **Exhibit A**). The State attempted to proceed with Ray's deposition on October 27, 2023; however, Ray refused to provide testimony without representation by counsel, despite confirming receipt of the Second Amended Subpoena and despite Lightfoot's efforts the previous day to represent Ray at his deposition. (See Deposition Transcript of Ray attached hereto as **Exhibit B**). The State provided an opportunity for Ray to meet with Plaintiffs' counsel off the record during the deposition, which Ray refused. (Ex. B, Ray Dep., 35:1-36:8.) The State further outlined to Ray the consequences of refusing to provide testimony subject to the Second Amended Subpoena. (Id., 37:3-9.) Despite these warnings, Ray walked out of the deposition and refused to comply with the Second Amended Subpoena. The State now moves this Court for an order compelling Ray's testimony pursuant to the Second Amended Subpoena.

## LEGAL STANDARD

Rule 45 sets forth the process for a party to obtain information from non-parties through issuance of a subpoena. FED. R. CIV. P. 45. "Once a deponent has appeared for a deposition, Federal Rule of Civil Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent – whether a party or a non-party – to answer a question." Callaway v. Adcock, No. 2:20-CV-00598-SRW, 2021 WL 8316457, at *2 (M.D. Ala. May 26, 2021). A party seeking to compel deposition testimony may move for an order compelling an answer if "a deponent fails to answer a question asked under Rule 30 or 31." FED. R. CIV. P. 37(a)(3)(B)(i).

When a motion to compel discovery is granted, "'the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Id. at *8 (quoting Fed. R. Civ. P. 37(a)(5)(A)). But, "sanctions are not to be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's response was substantially justified, or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

## ARGUMENT

The State seeks relevant deposition testimony from Ray due to his on-going incarceration at St. Clair and Ray's status as a possible member of Plaintiffs' putative class. Ray's testimony presents clearly discoverable testimony potentially related to the claims brought by Plaintiffs regarding the current conditions at St. Clair and whether the State currently violates the constitutional rights of inmates at St. Clair. Ray received ample notice of his deposition; refused an offer of legal representation by the same counsel who represented other non-party inmates in this matter; and refused to answer questions at his deposition. The State, in good faith, undertook

4

all reasonable efforts to address Ray's concerns and informed him of the potential consequences of his refusal, including the State's intent to seek a Court order compelling Ray's deposition and compelling Ray to pay the costs incurred by the State as a result of Ray's unreasonable refusal to permit the scheduled deposition to go forward.  (See Ex. B, Ray Dep., 7:20-20:20; 30:7-32:12; 34:5-38:6).  Given the facts Ray (1) possessed no right to legal representation and (2) received an offer of *pro bono* legal representation, the Court should issue an order compelling Ray's deposition.  Further, under the circumstances present here, the Court should order Ray to pay the expenses necessitated by his refusal to comply with the valid deposition subpoena.

The State properly served, and Ray confirmed receipt of, the Second Amended Subpoena.

> Q:   Do you understand that you're here as a result of a subpoena issued by a Federal court?
>
> A:   Yes.
>
> Q:   Did you receive that subpoena?
>
> A:   Yes, they served me a copy.

(Ex. B, Ray Dep., 7:22-8:4).  As a result of this notice, the State traveled a collective four (4) hours to St. Clair for Ray to refuse to provide testimony subject to the Second Amended Subpoena. Additionally, Plaintiffs' counsel flew from New York, reserving hotel rooms and rental cars to attend Ray's deposition.

Ray refused to answer the State's questions because Ray claimed an entitlement to legal representation for purposes of his deposition.  Ray refused to answer even the most basic of questions.  For example, when asked if Ray went by any other names, Ray responded, "I'm going to refuse to answer that until I get legal representation."  (Ex. B, Ray Dep., 7:20-21).  Ray continued to refuse questions by claiming an entitlement to legal representation, and when asked about his efforts to obtain counsel, Ray repeatedly responded that the question was "irrelevant."

5

(Id., 9:12-10:14). Finally, upon learning he possesses no entitlement to counsel in this civil matter, to which Ray is not a party, Ray proceeded to terminate the deposition.

> Q: You're not entitled to counsel.
>
> A: Well, I don't --
>
> Q: This is not a criminal proceeding.
>
> A: Well, I'm not answering any questions without advice from counsel.
>
> Q: Okay. All right. Very good. So, we will take this back to the court and ask the court to compel your deposition and for you to cover any expenses related to that based on your refusal to participate today. So, you're not going to answer any further questions?
>
> A: Thank you. Have a nice day.
>
> Q: Just for the record, Mr. Ray is standing up and he's leaving the deposition.

(Id., 36:20-37:14). The Sixth Amendment addresses the right to counsel in criminal proceedings and not those civil in nature. Barbour v. Haley, 471 F.3d 1222, 1231 (11th Cir. 2006). Even a plaintiff, as opposed to a non-party, in a civil action maintains no constitutional right to appointment of counsel absent exceptional circumstances. Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 626 n. 5 (11th Cir. 2006); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The court may appoint counsel for an indigent *plaintiff* under 28 U.S.C. § 1915(e)(1). However, Ray remains a non-party to the current action. Finally, "'the appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Ray does not face potential liability in the current action and remains subject

only to a deposition under the Second Amended Subpoena limited to questions and documents regarding Ray's incarceration experiences at St. Clair. Despite this, attorneys from Lightfoot offered *pro bono* legal representation satisfactory to all other non-party inmates in this matter and Ray declined. Ray possessed no entitlement to counsel, and he refused the offer he received.

Despite Ray receiving notice of his deposition nearly six (6) months prior, Ray failed to take any efforts to obtain legal counsel and actively refused representation.

> Q: And did you retain counsel after you received the subpoena?
>
> A: No.
>
> Q: Okay. Do you have any attorney currently representing you in the Duke case?
>
> A: Not that I'm aware of.
>
> Q: Do you – have you retained a lawyer for any reason based on any current legal needs you have?
>
> A: That's irrelevant.
>
> …
>
> Q: No, it's relevant to today's deposition. If you have counsel, I would like to know who that is just so I don't communicate with you about a matter in which you might be represented by counsel. And so, I need to know whether you're represented by counsel in any action currently.
>
> A: Okay. That's irrelevant.

(Ex. B, Ray Dep., 9:6-10:14). Attorneys from Lightfoot attempted to provide Ray the same representation provided to all other non-party inmates in this action. (Ex. A) (stating attorneys from Lightfoot would be attending Ray's deposition the following day). The State offered time off the record for Ray to consult with Plaintiffs' counsel; however, Plaintiffs' counsel confirmed they did not represent Ray for his deposition, and, thus, Ray refused to speak to Plaintiffs' counsel.

7

(Ex. B, Ray Dep., 35:1-36:13). Though Ray incorrectly claimed entitlement to representation from the Equal Justice Initiative ("EJI") or Plaintiffs' counsel, Ray continued to refuse to be deposed in spite of Plaintiffs' counsel being present at the deposition and in spite of receiving an offer for *pro bono* representation from Lightfoot. Once made aware that the counsel Ray claimed entitlement to was in attendance, Ray's concern changed from the purported need for representation to the fact that Ray did not know Plaintiffs' counsel.

> Q: Okay. Well, you have – if you want the plaintiff counsel, he is sitting here right now.
>
> A: Well, I haven't – he haven't – I've never met this guy.

(Id., 30:20-31:1). Ray claims to desire counsel, but refused to obtain counsel on his own prior to his deposition and refused *pro bono* representation from Lightfoot at a meeting the day before his deposition. Ray never contacted counsel for the State to indicate he sought representation prior to proceeding with his deposition. Yet, Ray refused to answer any questions "without advice from counsel." (Id., 37:1-2). Ray's unjustified failure to provide the subpoenaed testimony entitles the State to an order compelling Ray to submit to the State's deposition. Callaway, No. 2021 WL 8316457, at *1-2; FED. R. CIV. P. 37(a)(3)(B)(i). The State attempted in good faith to address Ray's concerns during the deposition, without court intervention; however, Ray refused to resolve his concerns and terminated the deposition.

As Ray's conduct necessitated this motion, Ray, after afforded an opportunity to be heard, must pay the State's reasonable costs, including attorney's fees, pursuant to Rule 37. FED. R. CIV. P. 37 (a)(5)(A); see also Davey v. Baptist Health Care Corp., No. 3:06CV31/RV/EMT, 2007 WL 9735104, at *2 (N.D. Fla. Feb. 9, 2007) (awarding fees and expenses incurred in bringing a motion to compel and expenses incurred in attending the deposition from nonparty deponent); Gen. Ins. Co. of Am. v. E. Consol. Utils, Inc., 126 F.3d 215, 219–20 (3d Cir. 1997); Miller v. Transamerican

Press, Inc., 709 F.2d 524, 531 (9th Cir. 1983) (noting that Rule 37(b)(1) sanctions may be available against nonparty deponent who fails to appear at deposition or to answer a question after being directed to do so by the court);  7 MOORE'S FEDERAL PRACTICE § 37.40 (3d ed. 1997) ("Rule 37(b)(1), governing a deponent's failure to be sworn or to answer a question after being directed to do so by the court, applies to nonparties.").  Consequently, the State requests the Court grant the State an award of attorney's fees and expenses incurred.

## CONCLUSION

Ray's testimony represents highly relevant discovery to Plaintiffs' issues in the current action and the question of whether the State currently violates the constitutional rights of inmates at St. Clair.  Ray made no effort to obtain legal representation; Ray denied Lightfoot's offered *pro bono* representation the day before his scheduled deposition; and Ray now attempts to use his own failings as an excuse to avoid submitting to a deposition in this matter.  The State, in good faith, attempted to resolve Ray's concerns during the deposition and without court intervention.  Ray terminated his deposition without answering the State's questions and with full knowledge of the Second Amended Subpoena and the consequences of ignoring a subpoena.  Therefore, the State respectfully moves for an order compelling Ray to provide deposition testimony and for the Court, after affording an opportunity to be heard, direct Ray – who the State believes to possess access to sufficient funds –  to bear the fees and expenses incurred by the State for the improper termination of his deposition.

Dated: November 15, 2023

*/s/ William R. Lunsford*
William R. Lunsford

*One of the Attorneys for the State*

William R. Lunsford

9

Matthew B. Reeves
Lynette E. Potter
Daniel J. Chism
William J. Cranford, III
Kenneth S. Steely
Clifford Z. Stafford
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
will.cranford@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system, and or First Class Certified Mail, on this 15th day of November, 2023:

Lauren Rosenberg (pro hac vice)
Helam Gebremariam (pro hac vice)
Charles Bloom (pro hac vice)
Scott Cohen (pro hac vice)
Charlotte Rothschild (pro hac vice)
Sarah Edwards (pro hac vice)
Michael Addis (pro hac vice)
Rory Leraris (pro hac vice)
Philip Duggan (pro hac vice)
Kathleen Young (pro hac vice)
Justin Clarke (pro hac vice)
Antony Ryan (pro hac vice)
Elizabeth Schmitz (pro hac vice)
Margaret Anderson (pro hac vice)
Melissa Syring (pro hac vice)
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
lrosenberg@cravath.com
hgebremariam@cravath.com
cbloom@cravath.com
scohen@cravath.com
crothschild@cravath.com
sedwards@cravath.com
maddis@cravath.com
rleraris@cravath.com
pduggan@cravath.com
keyoung@cravath.com
jcclarke@cravath.com
aryan@cravath.com
eschmitz@cravath.com
meanderson@cravath.com
msyring@cravath.com

*Attorneys for Plaintiffs*

Bryan A. Stevenson
Charlotte R. Morrison
Benjamin H. Schaefer
Sofia V. McDonald
**EQUAL JUSTICE INITIATIVE OF ALABAMA**
122 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
bstevenson@eji.org
cmorrison@eji.org
bschaefer@eji.org
smcdonald@eji.org

*Attorneys for Plaintiffs*

Melvin Ray (AIS #163343)
St. Clair Correctional Facility
1000 St. Clair Road
Springville, Alabama 35146

11

*/s/ William R. Lunsford*
Of Counsel