FILED
2024 May-10 PM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MARK DUKE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 4:14-cv-01952-RDP** |
| ) | |
| **JOHN HAMM,** *et al.*, ) | **[ORAL ARGUMENT REQUESTED]** |
| ) | |
| **Defendants.** ) | |

## THE ADOC OFFICIALS' CONSOLIDATED RULE 702 MOTION TO EXCLUDE TESTIMONY FROM PLAINTIFFS' PURPORTED EXPERTS PACHOLKE, BONNER, MILLER, MARTIN, AND AUSTIN

Pursuant to Rule 702 of the Federal Rules of Evidence, Defendants John Hamm ("Commissioner Hamm"), Wendy Williams ("Dr. Williams"), Jenny Abbott ("Abbott"), LaGreta McClain ("McClain"), Phillip Mitchell ("Mitchell"), Darrel Fox ("Fox"), Christopher Webster ("Webster"), Omar Parker ("Parker"), and Bradley Howard ("Howard" and, together with Commissioner Hamm, Dr. Williams, Abbott, McClain, Mitchell, Fox, Webster, and Parker, the "ADOC Officials") submit this Consolidated Motion to Exclude the Testimony of Plaintiffs' Purported Experts Dan Pacholke ("Pacholke"), Michelle Bonner ("Bonner"), Chris Miller ("C. Miller"), Steve Martin ("Martin"), and James Austin ("Austin, and, collectively with Pacholke, Bonner, C. Miller, and Martin, "Plaintiffs' Advocates").  In accordance with this Court's Order (Doc. 405) and instructions provided in Court on May 6, 2024, the ADOC Officials file an Evidentiary Submission contemporaneously with the filing of this Motion and will file a Consolidated Statement of Undisputed Facts and Memorandum of Law in support of this Motion on May 17, 2024.  In support of this Motion, the ADOC Officials state as follows:

1.      Plaintiffs, purporting to represent a putative class of all present and future inmates the Alabama Department of Corrections ("ADOC") incarcerates at St. Clair Correctional Facility ("St. Clair"), assert claims against the ADOC Officials under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.  (Doc. 267). Plaintiffs served the ADOC Officials with reports from their five (5) Advocates.  Plaintiffs' Advocates provide no assistance to the Court because Plaintiffs' Advocates' opinions fail to address the correct legal standards for claims of deliberate indifference.  Furthermore, Plaintiffs' Advocates' opinions lack sufficient underlying facts or data; Plaintiffs' Advocates lack appropriate qualifications to render certain opinions; and Plaintiffs' Advocate Martin's report contains unreliable assertions and arguments.

2.     **Incorrect Legal Standards.**  Expert testimony that relies upon an incorrect legal standard cannot assist the trier of fact.  Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1323 (11th Cir. 2003); Boca Raton Community Hospital, Inc. v. Tenet Health Care Corp., 582 F.3d 1227, 1233 (11th Cir. 2009) (affirming district court's exclusion of expert opinion that "fail[ed] to recognize . . . the range of behavior between clearly unlawful and perfectly lawful").  Plaintiffs' Advocates utilized incorrect legal standards in two (2) related but distinct ways, each of which independently warrants the exclusion of their testimony.

3.     First, Plaintiffs' Advocates focused solely on the *outcomes* of the ADOC Officials' efforts to address issues at St. Clair, rather than the *reasonableness* of the efforts themselves.  This myopic focus ignores the subjective component of the deliberate indifference standard.  Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (to establish deliberate indifference, a plaintiff must "mak[e] three sub-showings: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence'") (quoting Lane v. Philbin, 835 F.3d 1302, 1308 (11th Cir. 2019)).  Whether the ADOC Officials responded "reasonably" to a substantial risk of serious harm, and not whether they successfully eradicated the risk, remains the key question.  Plaintiffs' Advocates ignored that question altogether, rendering their opinions unhelpful to the Court.

4.     Second, Plaintiffs' Advocates improperly seek to impose "best practices" on the ADOC Officials.  Eleventh Circuit precedent establishes that the question in a deliberate indifference case "isn't whether, in the best of all possible worlds," prison officials could have done more, or even whether a court "might conclude that ordinary prudence requires" a different response from prison officials.  Hoffer v. Sec'y, Fla. Dept. of Corrs., 973 F.3d 1263, 1271-72 (11th Cir. 2020).  Instead, under "the Eighth Amendment, the sole question" remains whether the prison

officials' response to a risk "is so reckless—so conscience-shocking—that it violates the Constitution." Id.; Rasho v. Jeffreys, 22 F.4th 703, 710 (7th Cir. 2022) ("'The mere failure of the prison official to choose the best course of action does not amount to a constitutional violation.'") (quoting Peate v. McCann, 294 F.3d 879, 882 (7th Cir. 2002)). Despite this black-letter law, Plaintiffs' Advocates repeatedly criticized the ADOC Officials for failing to implement the Advocates' preferred practices at St. Clair, with no regard to whether the Constitution requires the ADOC Officials to adopt those practices. The Court should exclude their testimony for this independent reason.

5. **Insufficient Factual Bases.** Aside from their reliance on incorrect legal standards, Plaintiffs' Advocates' arguments also lack sufficient factual bases, rendering them inadmissible. "[R]elevant testimony from a qualified expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation." Jones v. Otis Elevator Corp., 861 F.2d 655, 662–63 (11th Cir. 1988); Fed. R. Evid. 702 (adv. cmte. note to 2023 amendments) (confirming that "the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology," go to admissibility, not merely to weight). Instead of basing their arguments on sufficient facts, Plaintiffs' Advocates provided and relied upon speculation as the basis of their opinions. For example, while Plaintiffs' Advocates criticized certain practices at St. Clair, they failed to connect those practices to any substantial risk of serious harm to St. Clair inmates. The Court should exclude their opinions because the opinions reflect insufficient factual bases.

6. **Qualifications.** Plaintiffs' Advocates Martin, Bonner, and Pacholke also remain unqualified to render some of their purported opinions. In particular, Martin, who possesses one (1) year of experience working as a correctional officer in the early 1970s, lacks qualifications to

3

opine as to correctional staffing at St. Clair. Bonner, who never worked inside a correctional facility, lacks qualifications to opine as to sexual safety at a maximum-security facility like St. Clair, as she never even conducted a Prison Rape Elimination Act ("PREA") audit of a maximum-security facility. Finally, Pacholke lacks qualifications to opine as to the structure of ADOC from a "commissioner-level" perspective, as he spent a mere five (5) months as the Secretary of the Washington Department of Corrections before resigning after the department mistakenly released 3,000 inmates. These Advocates lack even the minimal qualifications required under Rule 702 and controlling precedent to render their purported opinions.

7. **Reliability.** Finally, Plaintiffs' Advocate Martin advanced unreliable arguments related to the rates of violence at St. Clair as compared to the "national average." Correctional agencies in different states report statistics regarding inmate violence in different ways. Accordingly, uncritical and simplistic comparisons among these reported rates remain inherently unreliable. The Court should exclude Martin's errant opinions regarding the rates of violence at St. Clair as unreliable.

WHEREFORE, PREMISES CONSIDERED, the ADOC Officials respectfully request that this Court exclude the testimony of Plaintiffs' Advocates.

Dated: May 10, 2024

　　　　　　　　　　　　　　　　　　　　*/s/ William R. Lunsford*
　　　　　　　　　　　　　　　　　　　　William R. Lunsford

　　　　　　　　　　　　　　　　　　　　*One of the Attorneys for the ADOC Officials*

　　　　　　　　　　　　　　　　　　　　William R. Lunsford
　　　　　　　　　　　　　　　　　　　　Matthew B. Reeves
　　　　　　　　　　　　　　　　　　　　Lynette E. Potter
　　　　　　　　　　　　　　　　　　　　Daniel J. Chism
　　　　　　　　　　　　　　　　　　　　William J. Cranford, III
　　　　　　　　　　　　　　　　　　　　Kenneth S. Steely
　　　　　　　　　　　　　　　　　　　　Clifford Z. Stafford

Andrew T. Toler
**BUTLER SNOW LLP**
200 West Side Square
Suite 100
Huntsville, Alabama 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
lynette.potter@butlersnow.com
daniel.chism@butlersnow.com
will.cranford@butlersnow.com
kenneth.steely@butlersnow.com
zane.stafford@butlersnow.com
andrew.toler@butlersnow.com

Keith J. Fernandez
**BUTLER SNOW LLP**
445 North Boulevard
Suite 300
Baton Rouge, Louisiana 70802
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
keith.fernandez@butlersnow.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 10th day of May, 2024:

Lauren Rosenberg *(pro hac vice)*
Helam Gebremariam *(pro hac vice)*
Charles Bloom *(pro hac vice)*
Scott Cohen *(pro hac vice)*
Charlotte Rothschild *(pro hac vice)*
Sarah Edwards *(pro hac vice)*
Michael Addis *(pro hac vice)*
Philip Duggan *(pro hac vice)*
Kathleen Young *(pro hac vice)*
Justin Clarke *(pro hac vice)*
Antony Ryan *(pro hac vice)*
Elizabeth Schmitz *(pro hac vice)*
Margaret Anderson *(pro hac vice)*
Melissa Syring *(pro hac vice)*
Jane Ramage *(pro hac vice)*
Allison Tilden (*pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
lrosenberg@cravath.com
hgebremariam@cravath.com
cbloom@cravath.com
scohen@cravath.com
crothschild@cravath.com
sedwards@cravath.com
maddis@cravath.com
pduggan@cravath.com
keyoung@cravath.com
jcclarke@cravath.com
aryan@cravath.com
eschmitz@cravath.com
meanderson@cravath.com
msyring@cravath.com
jramage@cravath.com
atilden@cravath.com

Bryan A. Stevenson
Charlotte R. Morrison
Benjamin H. Schaefer
Sofia V. McDonald
**EQUAL JUSTICE INITIATIVE OF ALABAMA**
122 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
bstevenson@eji.org
cmorrison@eji.org
bschaefer@eji.org
smcdonald@eji.org

*Attorneys for Plaintiffs*

6

*/s/ William R. Lunsford*
Of Counsel