# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MARK DUKE, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | *   Civil Action No: 4:14-cv-01952-RDP |
| JOHN HAMM, *et al.*, | * |
| Defendants. | * |

## PLAINTIFFS' MOTION TO EXCLUDE IN FULL OR IN PART DEFENDANTS' EXPERTS SEAN STEWART, JEFF KINGSFIELD, RODNEY MILLER, KATHLENE LANE, ROBERT CARTER AND MARY ILA WARD

Plaintiffs respectfully move to exclude in full or in part testimony of Defendants' experts Sean Stewart, Jeff Kingsfield, Rodney Miller, Kathlene Lane, Robert Carter and Mary Ila Ward. As set forth in Plaintiffs' Memorandum of Law in Support of Their Motion To Exclude in Full or in Part Defendants' Experts ("Memorandum of Law"), these expert opinions do not meet the standards for admissibility of expert testimony set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

1. Sean Stewart's testimony should be excluded because his opinions are legal conclusions and irrelevant to the case. Mr. Stewart was retained by Defendants to review and offer recommended changes to the Alabama Department of Corrections ("ADOC") use-of-force policies, procedures, practices and training. Mr. Stewart's opinions as to whether ADOC's operative use-of-force policies and procedures are "consistent with constitutional minimum requirements" are based solely on his review of case law and constitute an impermissible legal conclusion. It is well-established that "testifying experts may not offer legal conclusions". *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1093, 1112-13 & n.8 (11th Cir. 2005). Moreover, Mr. Stewart has not reviewed St. Clair's standard operating procedure on use of force or the use-of-force training currently offered; has not reviewed any of the use-of-force incidents at St. Clair; offers no opinion on whether any of ADOC's actual conduct was consistent with the written policies and procedures; and admitted at his deposition that his opinion on ADOC's current use-of-force practices and trainings "was an error". Plaintiffs further move to exclude Mr. Stewart's opinions on his consulting company's proposed use-of-force policies, procedures and training because they are irrelevant to the case, as ADOC has not implemented those policies or procedures, and such opinions also constitute impermissible legal conclusions. Mr. Stewart conceded that his proposed revisions to ADOC's

policies and procedures had not been adopted, much less implemented, and the revised training proposed by his company was offered to no one at St. Clair. "Basing an 'expert' opinion on facts not in evidence is not helpful to the trier of fact in understanding the evidence or determining a fact in issue." *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1277 (M.D. Ala. 1999) (citing Fed. R. Evid. 702). Mr. Stewart further acknowledged that his opinion regarding the constitutional adequacy of his company's proposed use-of-force policies, procedures and training is based solely on review of case law. Consequently, his opinions are impermissible legal conclusions.

      2. Jeff Kingsfield's testimony should be excluded because he is unqualified to render his proffered opinions, and his proffered opinions are unreliable. Mr. Kingsfield, who holds a Bachelor's Degree in Architecture and spent his 30-year career in various roles in the homebuilding and real estate industry, was engaged by ADOC to analyze and address correctional staff retention and conducted voluntary "brief, anonymous pulse surveys" of ADOC employees. Mr. Kingsfield is unqualified as an expert in correctional employee recruitment and retention, and is also unqualified as an expert in administering or interpreting surveys. *See State of New York v. United Parcel Serv., Inc.*, No. 15-CV-1136 (KBF), 2016 WL 4735368, at *8 (S.D.N.Y. Sept. 10, 2016) (concluding proffered expert "lacks the qualifications to design and conduct the survey that forms the basis of his report" where expert had "never before designed" a survey of that nature). Indeed, in Mr. Kingsfield's limited experience administering surveys, he had never administered a survey on this scale or to recommend system-wide changes. Moreover, Mr. Kingsfield's opinions are based on surveys conducted using an unreliable methodology. Mr. Kingsfield's attempt to draw conclusions by comparing results of those surveys over time is unreliable because of both the exceedingly low response rate—a mere 6% participation rate at

St. Clair—and Mr. Kingsfield's admission that he had no idea whether the same employees consistently participated over time. Plaintiffs also respectfully move to exclude for lack of reliability Mr. Kingsfield's opinions regarding retention rates at St. Clair, which rely on facts and data that show the exact opposite of his conclusions.

3. Rodney Miller's testimony should be limited because he failed to apply his own well-established staffing methodology and lacks the requisite qualifications for design and construction opinions. Mr. Miller seeks to opine on St. Clair's staffing challenges, but admitted that he did not employ his own well-established staffing methodology (on which he has published, and which he has taught to others and applied himself for many years) in reaching his staffing opinions. Despite acknowledging the importance of measuring the outcome of a staffing plan by looking at statistical data such as numbers of homicides and sexual assaults per prisoner, Mr. Miller undertook no such review here. Plaintiffs respectfully move to exclude all of Mr. Miller's opening opinions on staffing because he failed to apply his own well-established staffing methodology. Plaintiffs also respectfully move to exclude two of Mr. Miller's six rebuttal opinions—those regarding St. Clair's design and construction—because Mr. Miller's expertise is in prison staffing and he is unqualified to opine on those topics.

4. Kathlene Lane's testimony should be limited because many of her proffered opinions on sexual violence are impermissible legal conclusions or merely adopt other experts' opinions. Ms. Lane—a former warden of federal correctional facilities—seeks to offer nearly 30 separate opinions on matters ranging from federal law and inmate psychology to human resource management and leadership style. Plaintiffs respectfully move to exclude her testimony to the extent that she seeks to offer legal conclusions, including that ADOC's conduct complies with constitutional standards—as no expert is permitted to offer such opinions—or seeks to offer

opinions on overcrowding and understaffing, which she merely adopts wholesale from Defendants' other experts without conducting her own analysis.

5. Robert Carter's testimony should be limited because many of his opinions constitute impermissible legal conclusions, lack a reliable basis in fact or are outside the scope of his expertise. Mr. Carter is a former Commissioner of the Indiana Department of Corrections and seeks to offer five opinions about whether ADOC has acted with "deliberate indifference" in certain areas (including programming, staffing and infrastructure) and a sixth opinion that Warden Mitchell is "an effective leader". *First*, Mr. Carter's opinions regarding the reasonableness or appropriateness of ADOC's actions should be excluded because they are impermissible legal conclusions. Whether Defendants acted with deliberate indifference is the legal conclusion that the outcome of this litigation will hinge on, and it is inappropriate for Mr. Carter (or any expert) to opine on the legal sufficiency of Defendants' actions. *See Addison v. Arnett*, No. 2:13-CV-71, 2016 WL 1441803, at *3 (S.D. Ga. Apr. 12, 2016). *Second*, Mr. Carter's programming opinion should be excluded because it lacks a reliable basis in fact and is irrelevant to conditions at St. Clair. Mr. Carter's programming opinion relates to the Recidivism Reduction Pilot Program—which he admits was not implemented at St. Clair—and the Substance Abuse Treatment Grant—which he could not reliably tie to St. Clair. *Third*, Mr. Carter is not qualified to opine on the infrastructure (locks and cameras) at St. Clair, on which he readily admits that he is not an expert. *Fourth*, Mr. Carter's opinion regarding Warden Mitchell's leadership style lacks any reliable basis in fact as it is based on unverified representations from Defendants' counsel. Mr. Carter admitted that his opinion of Warden Mitchell was based on representations from Defendants' counsel; that he did not read Warden

4

Mitchell's deposition transcript in full; and that he had not observed Warden Mitchell aside from a single visit to St. Clair.

6. Mary Ila Ward's testimony should be limited because many of her opinions are unreliable, subjective or otherwise impermissible. Ms. Ward—a human resources consultant—seeks to opine that various staffing efforts by ADOC have resulted, either individually or in the aggregate, in an increase in ADOC correctional staffing. Plaintiffs respectfully move to exclude Ms. Ward's testimony to the extent she purports to opine that ADOC's staffing efforts have *caused* the increase in staffing she identifies because she undertook no causal analysis, rendering all such testimony unreliable. Plaintiffs also move to exclude Ms. Ward's subjective opinion that ADOC is prioritizing its staffing efforts effectively, as that opinion is based on nothing more than Ms. Ward's subjective view that ADOC staff are "good people" "trying to do good things". In addition, Plaintiffs respectfully move to exclude Ms. Ward's rebuttal opinion in which she purports to usurp this Court's role in opining on the qualifications of Plaintiffs' experts.

For these reasons and as set forth more fully in Plaintiffs' Memorandum of Law, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion.

Dated:  May 10, 2024

/s/ *Charlotte R. Morrison*

Bryan A. Stevenson
Charlotte R. Morrison
Benjamin H. Schaefer
Sofia V. McDonald
Equal Justice Initiative
122 Commerce Street
Montgomery, Alabama 36104
Telephone:  (334) 269-1803
Facsimile:  (334) 269-1806
bstevenson@eji.org
cmorrison@eji.org
bschaefer@eji.org
smcdonald@eji.org

/s/ *Antony L. Ryan*

Antony L. Ryan (*pro hac vice*)
Lauren M. Rosenberg (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
aryan@cravath.com
lrosenberg@cravath.com
hgebremariam@cravath.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                  */s/ Antony L. Ryan*
                                                  Antony L. Ryan