## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **MARK DUKE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:14-cv-01952-RDP** |
| | ) | |
| **JOHN HAMM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on (1) The ADOC Officials' Consolidated Rule 702 Motion to Exclude Testimony from Plaintiffs' Purported Experts Pacholke, Bonner, Miller, Martin, and Austin (Doc. # 419), and (2) Plaintiffs' Motion to Exclude In Full Or In Part Defendants' Experts Sean Stewart, Jeff Kingsfield, Rodney Miller, Kathlene Lane, Robert Carter and Mary Ila Ward (Doc. # 421). The Motions have been fully briefed. (Docs. # 479, 481, 498, 511).

## I.    Background

On May 10, 2024, Plaintiffs filed a Motion for Class Certification (Doc. # 417), and the Defendant ADOC Officials filed a Motion for Summary Judgment (Doc. # 418). Along with these Motions, the parties filed the pending Motions to Exclude each others' experts' testimony. (Docs. # 419, 421).

In reviewing the Motions to Exclude, the court determined that a summary of the challenged expert testimony relied on in the pending Motion for Class Certification and Motion for Summary Judgment would be helpful. Therefore, the court ordered the parties to file a summary of the challenged opinions on which their Motions relied. (Doc. # 527). On December 18, 2024, the parties filed their summaries. (Docs. # 528, 529). In these summaries, Plaintiffs and Defendants

have both taken the position that the court need not resolve the Motions to Exclude in order to decide the other pending motions. (Doc. # 528 at 2 ("the [c]ourt may grant summary judgment and/or deny class certification without reference to any challenged expert opinions."); Doc # 529 at 3 ("the [c]ourt need not resolve Defendants' Daubert motion in order to decide the pending class certification and summary judgment motions")).

## II.    Applicable Law

The following legal standards govern a court's analysis of motions to exclude expert testimony.

### A.    *Daubert* and Rule 702

The decision to admit or exclude expert testimony is within the trial court's discretion and the court understands it enjoys "considerable leeway" when determining the admissibility of this testimony. *See Cook v. Sheriff of Monroe County, Fla*., 402 F.3d 1092, 1103 (11th Cir. 2005). The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as viewed through the lens of the Supreme Court's *Daubert* decision and its progeny interpreting that rule. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Rule 702 provides for the admission of expert testimony when "scientific, technical, or other specialized knowledge will help the trier of fact." In *Daubert*, the Supreme Court held that scientific expert testimony is admissible only if the proffered testimony is both relevant and reliable. 509 U.S. at 597. Under *Daubert*, a district court judge is to act as a "gatekeeper" for expert testimony, and only admits such testimony after receiving satisfactory evidence of its reliability. *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 869 (7th Cir. 2001). *See also United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999). Whether a *Daubert* hearing is necessary in any

particular case is a decision committed to the trial court's sound discretion. *Cook v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1113 (11th Cir. 2005).

## III.  Analysis

First, the parties have agreed that, although they cited expert testimony in their Motion for Class Certification and Motion for Summary Judgment that is now subject to motions to exclude, the court need not rely on that expert testimony to decide those motions.  (Docs. # 528 at 2, # 529 at 3).

Second, because any eventual trial in this case will be a bench trial, the trier of fact in this case will be the court. Thus, "the considerations of ensuring only reliable and relevant expert testimony be given to the trier of fact are less concerning." *Scilex Pharms. Inc. v. Aveva Drug Delivery Sys., Inc*., 2024 WL 2834399, at *2 (S.D. Fla. May 15, 2024) (citing *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005)); *see also Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). The purpose of *Daubert* motions is for the court to exercise a gatekeeping function and that "gatekeeping function's core use is to keep junk science away from the *jury*." *United States v. Ware*, 69 F.4th 830, 847 (11th Cir. 2023) (emphasis added). "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *Brown*, 415 F.3d at 1269).

Thus, "[w]here a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at some point." *Travelers Prop. Cas. Co. of Am. v. Barkley*, 2017 WL 4867012, at *1 (S.D. Fla. June 2, 2017) (quoting *Kan. City S. Ry. Co. v. Sny Island Levee Drainage Dist*., 831 F.3d 892, 900 (7th Cir. 2016)); *see also City of S. Miami v. Desantis*, 2020 WL 7074644, at *7 (S.D. Fla. Dec. 3, 2020) (quoting same); *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013)

("[B]ecause the district court was also the trier of facts, the district court's evidentiary gatekeeping function was relaxed, and the district court was in the best position to decide the proper weight to give the expert opinions."); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702"); *Braggs v. Dunn*, 2017 WL2984312 *3 (M.D. Ala. Jul. 13, 2017) ("[T]he *Daubert* barriers to admissibility are more relaxed in a bench trial, where the judge is serving as factfinder, and the court need not be concerned about dumping a barrage of questionable scientific evidence on a jury." (quoting *Brown*, 415 F.3d at 1268) (internal quotations and citation omitted).

## IV.    Conclusion

Because (1) the parties agree that the court need not resolve the Motions to Exclude to address the pending Motion for Class Certification and Motion for Summary Judgment as the challenged expert testimony is unnecessary to their Motions, and (2) this case, if tried, would be tried to the bench, which means there is less need for the gatekeeper to keep the gate, it is **ORDERED** as follows:

1. The ADOC Officials' Consolidated Rule 702 Motion to Exclude Testimony from Plaintiffs' Purported Experts Pacholke, Bonner, Miller, Martin, and Austin (Doc. # 419) is **DENIED**.

2. Plaintiffs' Motion to Exclude In Full Or In Part Defendants' Experts Sean Stewart, Jeff Kingsfield, Rodney Miller, Kathlene Lane, Robert Carter and Mary Ila Ward (Doc. # 421) is **DENIED**.

3.  Although the court will conduct any necessary Rule 702 analysis at trial, it also understands that generally the proper remedy for any potential weaknesses in the experts' opinions or testimony is confrontation and vigorous cross-examination.

**DONE** and **ORDERED** this January 24, 2025.

_____

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE