**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **MARK DUKE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:14-cv-01952-RDP** |
| | ) | |
| **JOHN HAMM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the court on the parties' respective Consolidated Statement of Facts and the parties' respective Response to the Consolidated Statements of Fact. (Docs. # 430, 433, 461, 464). These Consolidated Statements of Fact were filed in relation to Plaintiffs' Motion for Class Certification (Doc. # 417) and Defendants' Motion for Summary Judgment. (Doc. # 418). The court understands that it allowed the parties to develop the factual record by using the Consolidated Statements of Fact, but the process has not worked as smoothly as the court anticipated and as usually occurs.

Appendix II to the court's Initial Order (Doc. # 250 at 13-17) sets forth the requirements for presenting and responding to alleged undisputed facts necessary to evaluate dispositive motions.

All briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in separately numbered paragraphs. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions.

**1. Moving Party's Initial Statement of Facts**

The moving party shall list in separately numbered paragraphs each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such

statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.

[]

### a.  Response to Movant's Statement

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the nonmoving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based.

[…]

(Doc. # 250 at 15-16).

Generally, from this exercise, movants set forth their asserted undisputed facts (with record support) and non-movants state with reference to each such fact whether it is disputed or not (again, with record citations). Through this process, the court is usually able to determine what facts are truly disputed and which are undisputed. Not so in this case. Here, the parties (and, in particular Defendants) have unnecessarily complicated the job of discerning what undisputed facts exist in the Rule 56 record. For example, rather than stating whether each individual asserted undisputed fact set forth in Plaintiffs' Consolidated Statement of Facts is disputed or not, Defendants have instead presented argument about the way in which Plaintiffs presented the allegedly undisputed facts, leaving the court unclear about whether there is actually a genuine dispute about the proposed undisputed facts. (*See, e.g.*, Doc. # 461 at 7-17). In light of the length of the parties' Consolidated Statements of Fact (ninety-eight (98) pages and one hundred-twenty-five (125) pages, respectively) and Responses (one hundred thirteen (113) pages and one hundred twenty (120) pages, respectively), the failure to properly engage in the process as the court intended has made any assessment of the filings unworkable.

2

Therefore, the pending Motion for Class Certification (Doc. # 417) and Motion for Summary Judgment (Doc. # 418) are **TERMINATED**. The parties may renew or refile these motions following their preparation of the Joint Statement of Undisputed Facts referenced below.

**On or before March 28, 2025**, the parties **SHALL** meet and confer about a deadline for submitting the Joint Statement of Undisputed Facts and notify the court regarding when they will be able to file this document.

The Joint Statement of Undisputed Facts **SHALL** include:

A. A jointly prepared narrative statement of the case, which briefly summarizes the case without using "color" words or argument;

B. The undisputed material facts for which there is no reasonable basis for disagreement, set out in separately numbered paragraphs;

C. A listing of each of Plaintiffs' claims, including the legal theory relied upon;

D. A listing of the legal theories underlying Defendants' defenses; and

E. For each claim or defense, a citations to the major cases, statutes, etc. that support the legal theory.

The Joint Statement of Undisputed Facts will be used in any summary judgment proceedings and shall be incorporated, in substantially unchanged form, in any final pretrial order.

In setting out any undisputed facts, claims and defenses the parties **SHALL** be precise. Vague, conclusory, and general claims and allegations are not acceptable. At this stage of the proceedings the parties are expected to know the relevant facts, claims, and defenses.

The parties' evidentiary submissions will remain in effect and any citations to the record **SHALL** be made to the already-filed evidentiary submissions, of which the court already has courtesy copies.

**DONE** and **ORDERED** this March 14, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE